IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *SHANNON T. LAEL,* | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) |
| *SIX FLAGS THEME PARKS INC.* | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED PETITION**

COMES NOW Defendant, Six Flags Theme Parks Inc. (hereinafter "Six Flags"), by and through its undersigned counsel of record, Sandberg Phoenix & von Gontard P.C., and for its Answer and Affirmative Defenses to Plaintiff's Petition, states as follows:

### **PARTIES**

1. Defendant Six Flags is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 and, accordingly, denies the same and requires plaintiff to put on strict proof thereof.

2. Defendant Six Flags admits that as of July 8, 2006, it was a Delaware Corporation that owned and operated Six Flags St. Louis, a theme park in St. Louis County, Missouri. Except as so expressly admitted, Defendant Six Flags denies the remaining allegations in Paragraph 2.

### **JURISDICTION AND VENUE**

3. Defendant Six Flags states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, defendant Six Flags admits

1

that it will not contest personal jurisdiction in this matter. Except as so expressly admitted, Defendant Six Flags denies the remaining allegations in Paragraph 3.

4. Defendant denies the allegations contained in Paragraph 4. Venue is proper in the United States District Court for the Eastern District of Missouri based on diversity jurisdiction.

## COUNT I - NEGLIGENCE

5. Defendant Six Flags admits that as of July 8, 2006, its Six Flags St. Louis park, a theme park, was open to the general public upon the payment of certain fees. Except as so expressly admitted, Defendant Six Flags denies the remaining allegations in Paragraph 5 of Count I.

6. Defendant Six Flags admits Plaintiff was at the park on July 8, 2006. Except as expressly admitted herein, Defendant Six Flags denies the remaining allegations contained in Paragraph 6 of Count I.

7. Defendant Six Flags states that as of July 8, 2006, it operated and maintained an attraction known as the Highland Fling. Except as so expressly admitted, Defendant Six Flags denies the remaining allegations in Paragraph 7 of Count I.

8. Defendant Six Flags denies the allegations contained in Paragraph 8 of Count I.

9. Defendant Six Flags denies the allegations contained in Paragraph 9 of Count I.

10. Defendant Six Flags is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of Count I and, accordingly, denies the same.

11. – 14. Defendant Six Flags denies the allegations contained in Paragraphs 11, 12, 13 and 14, and all subparagraphs thereof, of Count I.

## COUNT II – GENERAL NEGLIGENCE

1. Defendant Six Flags re-states and incorporates by reference herein its responses to Paragraphs 1 through 7 of Plaintiff's Petition as if more fully set forth herein in response to Paragraph 1 of Count II of Plaintiff's Petition.

2. Defendant Six Flags denies the allegations contained in Paragraph 2 of Count II.

3. Defendant Six Flags denies the allegations contained in Paragraph 3 of Count II.

4. Defendant Six Flags denies the allegations contained in Paragraph 4 of Count II.

5. Defendant Six Flags denies the allegations contained in Paragraph 5 of Count II.

### Affirmative Defenses

1. For further answer and defense, Defendant Six Flags states that Plaintiff's Petition fails to state a claim upon which relief can be granted.

2. For further answer and defense, Defendant Six Flags states that Count II of Plaintiff's Petition sounding in *res ipsa loquitor* is improper because defendant Six Flags did not have exclusive control over the subject gondola in which Plaintiff claims she was injured, and that generally the theory of *res ipsa loquitor* is wholly inapplicable to the facts and allegations in this lawsuit.

3. For further answer and defense, Defendant Six Flags states that whatever injuries or damages plaintiff may have suffered, if any, were caused in whole or in part by Plaintiff Shannon Lael's own negligence and fault and therefore any recovery by Plaintiff should be reduced in proportion to her negligence and fault.

4. For further answer and defense, Defendant Six Flags states that Plaintiff's claims, if any, are barred by superseding or intervening acts of negligence and/or fault, either by Plaintiff or other persons over whom this defendant had no control or had no legal duty to control.

4342480.1

5.       For further answer and defense, Defendant Six Flags states that whatever injuries or damages Plaintiffs may have suffered, if any, were not proximately caused by any actions or omissions of Defendant Six Flags.

6.       For further answer and defense, Defendant Six Flags states that whatever injuries or damages plaintiff may have suffered, if any, were caused in whole or in part by Plaintiff's own negligence and fault, including but not limited to her failure to mitigate damages and/or failure to undertake the precautions that a reasonably careful participant in the attraction would take to protect herself against dangers and, therefore, any recovery by Plaintiff should be reduced in proportion to plaintiff's negligence and fault.

7.       For further answer and defense, Defendant Six Flags states that any judgment that may ultimately be rendered against it should be reduced by any settlement monies received by plaintiffs from any tortfeasor pursuant to R.S.Mo. § 537.060.

8.       For further answer and defense, Defendant Six Flags states that Plaintiff's claims for punitive damages are unconstitutional and that the laws establishing the standards for granting and assessing such punitive damages are vague, ambiguous and arbitrary, thereby violating this defendant's constitutional rights to due process and equal protection under the Fourteenth Amendment of the U.S. Constitution, and the Constitution of the State of Missouri, Article 1, Section 10, and any law of the State of Missouri, whether enacted by the Missouri Legislature or founded upon decisions of the Missouri Courts permitting plaintiffs to recover such punitive damages is unconstitutional.

9.       For further answer and defense, Defendant Six Flags states that Plaintiff's claims for punitive damages are unconstitutional to the extent that Plaintiff's Petition seeks to punish this Defendant without protection of constitutional safeguards including, but not limited to, proof

4342480.1

beyond a reasonable doubt, the right to a speedy trial, the prohibitions against double jeopardy and excessive fines and freedom from self-incrimination during the discovery process and trial which is guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and the Constitution of the State of Missouri, Article 1, Section 18(a) and Section 19; and any law of the State of Missouri, whether enacted by the Missouri Legislature or founded upon decisions of Missouri Courts permitting Plaintiff to recover such punitive damages without protection of such safeguards is unconstitutional.

10. For further answer and defense, Defendant Six Flags states that unless its liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution and by the Constitution of the State of Missouri, Article I, Section 10, and would be improper under the common law and public policies of the State of Missouri.

11. For further answer and defense, Defendant Six Flags states that Plaintiff's claims for punitive damages against it cannot be sustained because any award of such damages under Missouri law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate its due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution and the Constitution of the State of Missouri, Article 1, Section 10, and would be improper under the common law and public policies of the State of Missouri and under applicable rules of Court and statutes of the State of Missouri.

12. For further answer and defense, Defendant Six Flags states that Plaintiff's claims for punitive damages against it cannot be sustained because an award of such damages under Missouri law, subject to no predetermined limit, such as a maximum multiple of compensatory

damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate its due process rights guaranteed by the Fourteenth Amendment of the U.S. Constitution and the Constitution of the State of Missouri, Article 1, Section 10, and would be improper under the common law and public policies of the State of Missouri.

13. For further answer and defense, Defendant Six Flags states that Plaintiff's claims for punitive damages against it cannot be sustained because an award of such damages under Missouri law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of an award of punitive damages, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishments, (3) is not expressly prohibited from awarding punitive damages or determining the amount if an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate its due process and equal protection rights guaranteed by the Fourteenth Amendment to the U.S. Constitution and by the Constitution of the State of Missouri, Article I, Section 10, and Article I, Section 2, and would be improper under the common law and public policies of the State of Missouri.

14. For further answer and defense, Defendant Six Flags states that plaintiff's claim for exemplary damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution;  Article I, Sections 2, 8, 10, 13, 14, 18(a), 19, and 21 of the Constitution of

6

the State of Missouri;  the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 2, 10, and 14 of the Constitution of the State of Missouri because there are no objective legal standards to guide the fact finder's discretion in awarding punitive damages, no limitations concerning the amount or severity of punitive damages, discriminates against defendants on the basis of wealth, and denies defendants the right of access to the courts to adjudicate civil disputes; Article I, Section 21 of the Constitution of the State of Missouri because punitive damages constitute penal damages and amount to an unconstitutional criminal and excessive fine or punishment in a civil proceeding; the Fifth and Sixth Amendments of the United States Constitution and Article I, Sections 18(a) and 19 of the Constitution of the State of Missouri because PPG Industries, Inc. cannot exercise all of the constitutional and statutory rights that must be accorded to a party that is subject to the imposition of a criminal penalty in the form of punitive damages; and the Second Amendment of the United States Constitution and Article I, Section 8 of the Constitution of the State of Missouri because the imposition of punitive damages is based on vague, conflicting, uncertain, and purely subjective standards without adequate notice to Defendant Six Flags.

    WHEREFORE, having fully answered Plaintiff's Petition, Defendant Six Flags Theme Parks Inc. prays that a judgment be entered in its favor, together with its costs incurred herein, and for such other and further relief this Court being proper.

4342480.1

SANDBERG PHOENIX & von GONTARD P.C.


By: */s/ Reed W. Sugg*
Reed W. Sugg, #29314
David Z. Hoffman, #55237
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
rsugg@sandbergphoenix.com
dhoffman@sandbergphoenix.com

*Attorneys for Defendant*
*Six Flags Theme Parks Inc.*


**Certificate of Service**

I hereby certify that on 27th day of June, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Charles H. Billings, # 26789
1735 S. Big Bend Blvd.
St. Louis, MO 63117
314-646-0066
chb@law-stl.com

*Attorney for Plaintiff*

*/s/ Reed W. Sugg*