UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANNON T. LAEL, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-01226-SPM |
| ) | |
| SIX FLAGS THEME PARKS INC., ) | |
|     Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter came before the court on April 8, 2014, for a hearing on Plaintiff Shannon Lael's ("Plaintiff" or "Lael") Second Motion for Leave to Amend her Rule 26(a)(2) expert disclosures out of time (Doc. 24) and Defendant Six Flags Theme Parks, Inc.'s Motion To Strike Plaintiff's Second Amended Rule 26 Disclosures (Doc. 27). For the reasons stated on the record at the hearing, and set forth below, I will grant Plaintiff's Motion for Leave to Amend, deny Defendant's Motion to Strike, and impose sanctions on plaintiff's counsel for disregarding progression deadlines in my case management order without justification for doing so.

**I.      Background**

This is a personal injury case arising from an alleged neck and upper back injury Plaintiff sustained while riding an amusement park ride at Six Flags St. Louis on or about July 8, 2006. Plaintiff initially filed suit in state court. According to defense counsel, the state court case was weeks away from trial when Defendant removed the case to this court. Following an initial scheduling conference pursuant to Fed. R. Civ. P.16, I entered a case management order requiring the parties to make all disclosures required by Rule 26(a)(1) no later than September 20, 2013. The parties were further ordered to disclose experts under Rule 26(a)(2) by December 16, 2013.

On January 26, 2014, Plaintiff filed a Motion for Leave to Amend Rule 26 Disclosures to

disclose two treating doctors from whom Plaintiff intended to elicit expert opinion testimony. Defendant contested the motion. Following a hearing, I entered an order on February 7, 2014, granting Plaintiff's Motion because I found there would be minimal prejudice to the Defendant and that any such prejudice could be mitigated by granting Defendant more time to conduct discovery. I issued an Amended Case Management Order extending the case progression deadlines. The Amended Case Management Order further required that Plaintiff seek leave of court before further amending her initial Rule 26(a)(1) disclosures. Under the Amended Case Management Order, trial is set on January 20, 2015.

On March 7, 2014, Plaintiff filed her Second Amended Rule 26 disclosures ("Second Amended disclosures"). The Second Amended disclosures identified treating doctors Assil, Crane and Vishion as persons likely to have relevant discoverable information; identified 23 sets of records from those treating doctors as relevant documents; and identified Karen Tabak, CPA, as an expert witness.  (Doc. 28-1). The Second Amended disclosures also included damages for lost wages in the sum of $2.7 Million; this sum was not included in the initial disclosures. Plaintiff filed a motion seeking leave to disclose financial expert Karen Tabak out of time; however, Plaintiff did not otherwise seek leave from the court to amend her Rule 26 Disclosures. Defendant opposed Plaintiff's motion for leave to amend her Rule 26 Disclosures and filed a Motion to Strike the disclosure with respect to doctors Assil, Crane and Vishion. (Doc. 27).

**A. Defendant's Motion to Strike**

Defendant moves to strike Lael's Second Amended Rule 26 Disclosures on grounds that Doctors Assil, Crane, and Vishion are "new" treating doctors who were not previously disclosed as persons likely to have relevant discoverable information. Plaintiff counters by arguing that Assil, Crane and Vishion are not "new" treating doctors; rather, Defendant has been aware of these treating doctors since the time of Plaintiff's initial disclosure, if not earlier. Specifically, Plaintiff points out that her initial disclosures identified records from doctors Crane and Assil as documents relevant to the disputed facts in the pleadings. Plaintiff further argues that she

2

disclosed Dr. Vishion by referring to individuals and documents disclosed in the state court action in her initial disclosures. Plaintiff also identified doctors Crane and Assil in response to written discovery requests propounded by Defendant in September 2013.

"When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). The court may exclude the information or testimony "as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Id.* The court should consider, *inter alia,* (i) the reason for noncompliance, (ii) the surprise and prejudice to the opposing party, (iii) the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and (iv) the importance of the information or testimony. *Id.*

I will deny Defendant's Motion to Strike after considering the factors articulated in *Wegener*. First, I am not convinced that Plaintiff's Second Amended disclosures rises to the level of a late disclosure of doctors Assil, Crane and Vishion in violation of this court's case management order. At the hearing, plaintiff's counsel explained that in amending Plaintiff's initial disclosures to explicitly identify doctors Assil, Crane, and Vishion, he was only attempting to clarify and supplement his earlier disclosure. Indeed, although doctors Assil, Crane and Vishion are not explicitly listed in the initial disclosure as persons with relevant information, Plaintiff's initial disclosures identifies all individuals "previously identified to Defendant's counsel in the course of discovery in the [state court action]." (Doc. 29-1). There appears to be no dispute that Dr. Vishion was among the individuals "previously identified to Defendant's counsel" in the state court action. Nor is there any dispute that Plaintiff's initial disclosures indicated that the medical records of doctors Assil and Crane were relevant to the litigation.

At the hearing, defense counsel argued that because of the multitude of doctors Plaintiff

3

has seen and that were disclosed in the state action, Plaintiff's initial disclosure failed to properly notify Defendant that doctors Assil, Crane, and Vishion were persons with discoverable information; Defendant was, therefore, not on notice of their relevance. This argument rings hollow. Plaintiff's initial disclosures reflects that Dr. Assil's medical records had already been produced to Defendant as of the time of the initial disclosure. (Doc. 29-1). As plaintiff's counsel indicated at the hearing, Dr. Crane was a relatively new treating physician at the time of the initial disclosure and counsel was not in possession of his records. As such, Dr. Crane's medical records were identified in the disclosure as documents relevant to the dispute. Following the initial disclosures, Plaintiff responded to written discovery propounded by Defendant in September of 2013 and specifically identified Dr. Crane as a treating doctor who treated Plaintiff for relevant medical issues; Plaintiff also executed a medical authorization for Dr. Crane's records at Defendant's request. Plaintiff's counsel confirmed that Dr. Vishion and his records were previously disclosed to Defendant during the course of the state court action.

To the extent Defendant believed Plaintiff's initial disclosures were incomplete in light of the volume of medical records and treating doctors, Defendant certainly could have filed a motion with the court asking for an order compelling more precise or explicit disclosures from Plaintiff. This Defendant did not do. Perhaps even more telling is the fact that in Defendant's own Rule 26(a) disclosures, which plaintiff's counsel read into the record at the hearing, Defendant employed the same tactic as Plaintiff and identified all individuals and treating doctors previously identified to Defendant's counsel during the course of discovery in the state court action as persons with relevant and discoverable information. In sum, under the circumstances, it appears to the court that Defendant has long known about these potential witnesses, or should have known about these witnesses, as they were disclosed in Plaintiff's

4

initial disclosures, Plaintiff's responses to Defendant's written discovery request and/or in the state case. As such, Plaintiff's inclusion of doctors Assil, Crane and Vishion in the Second Amended disclosure appears to be more akin to a supplement or clarification of Plaintiff's initial disclosures than a late disclosure of previously undisclosed potential fact witnesses.

Even assuming Plaintiff's disclosure of doctors Assil, Crane and Vishion amounted to a late disclosure of previously undisclosed potential fact witnesses, then such late disclosure was justified. As detailed above, the record indicates that plaintiff's counsel believed that his initial disclosure properly disclosed Assil, Crane and Vishion, and that the Second Amended disclosures were a supplement to the initial disclosure. In addition, the record before the court indicates that Defendant was not harmed or surprised by any failure by Plaintiff to properly disclose doctors Assil, Crane and Vishion. As previously stated, it appears that Defendant has long known about these potential witnesses, or should have known about these witnesses. I also fail to see how permitting Plaintiff to disclose doctors Assil, Crane and Vishion might impede the orderly and efficient trial of this case. The trial date is ten months away and these treating doctors are being disclosed as persons with discoverable information at a time when the deadline by which the parties are to complete all discovery is four months away; Defendant's deadline for requesting an independent medical examination has not expired; and Defendant's deadline for disclosing its own expert witnesses is approximately two months away.

For all of the foregoing reasons, Defendant's Motion to Strike should be denied.

**B. Plaintiff's Second Motion for Leave To Amend Expert Disclosures**

Plaintiff seeks to add Karen Tabak CPA as a financial expert, out of time. Plaintiff is not claiming the late disclosure is the result of newly discovered information or a newly asserted defense; rather, Plaintiff's stated reason is that she couldn't afford a financial expert before and

5

now her mother is willing to pay for the expert.

Under Fed.R.Civ.P. 26(a)(2)(D), the parties are required to disclose all expert testimony "at the times and in the sequence that the court orders." As the parties have acknowledged, I set the expert disclosure deadlines and a discovery cutoff date in a case management order, and I have modified that order as necessary as a result of issues that have arisen thus far in this case. There appears to be no dispute that Plaintiff is attempting to disclose Ms. Tabak as an expert witness in the case more than three months after the deadline. Nor is there any real dispute that the addition of Ms. Tabak to this case would permit Plaintiff to more than triple her initially disclosed damages of roughly $900,000, by adding a lost wages claim for $2.7 Million.[1] In determining whether I should extend the expert disclosure deadlines in this case, the law in this circuit requires me to consider whether Ms. Lael has shown good cause for delaying her expert disclosure and the extent to which defendant has been prejudiced by this delay. *See Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 759 (8th Cir.2006); *see also Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). I must also consider the extent to which extending the deadlines would disrupt the order and efficiency of trial, and the importance of the information or testimony. *Wegener*, 527 F.3d 687.

Applying the aforementioned factors articulated by the Eighth Circuit in *Wegener*, Plaintiff has not shown substantial justification for delaying the disclosure of Ms. Tabak, or a similar lost wages expert. Plaintiff has provided no support to substantiate the claim that she could not previously afford an expert; such support would have been welcome particularly in light of uncontested statements by defense counsel that during the course of this litigation Plaintiff has traveled to Peru and perhaps elsewhere. In addition, plaintiff counsel's e-mail to

---

[1] It appears from the discussion on the record that Plaintiff has always asserted lost wages as a component of her damages; however, Ms. Tabak is offered to opine as to the value of Plaintiff's lost future wages.

defense counsel, dated February 27, 2014, does not support plaintiff's argument to his court that plaintiff previously lacked the funds to retain Tabak. The e-mail states "My client has ***decided that she wants to put the resources together*** to get an opinion as to her lost wages." (Doc. 26-1) (emphasis added). This does not suggest that Plaintiff *could not* afford an expert like Tabak; it suggests she ***did not wish*** to pay for one. This failure to alert either defense counsel or the court to the possibility that plaintiff might be retaining an expert on lost wages is particularly appalling in light of the fact that the record before the court indicates that Plaintiff and her counsel have been discussing "the value of [plaintiff's] college degree" since the start of the case, *see* Doc. 26-1; the parties were just recently before the court on a similar motion discussing expert disclosure deadlines; and the addition of Tabak injects a claim of $2.7 Million in lost wages that was not previously part of Plaintiff's claimed damages.

However, as surprising and appalling as Plaintiff's late disclosure of Tabak may be, when I balance the equities of excluding Tabak against the prejudice to Defendant and disruption of the orderly progression of the litigation, I conclude that Plaintiff's motion for leave to amend her expert disclosure should be granted. Given the procedural posture of this case, any prejudice to Defendant resulting from Plaintiff's late expert disclosure can be mitigated in light of the fact that trial is ten months away; the deadline for completing discovery is four months away; Defendant's expert disclosure deadline is two months away; and the parties have taken very few depositions thus far. In addition, to the extent it is necessary, Defendant may be granted additional time to conduct discovery in light of the late disclosure of Tabak.

In sum, Plaintiff's counsel has failed to show that the failure to obey the scheduling order was substantially justified; however, any surprise or harm resulting from the untimely

disclosure of Ms. Tabak can be cured by amending the scheduling order, if necessary, to allow Defendant adequate time to take the necessary depositions, complete discovery, and prepare for trial. The harm caused by Plaintiff's failure to comply with the case management order and any risk that Plaintiff and her counsel will continue to disregard case progression deadlines can also be mitigated by imposing the following sanctions on Plaintiff and her counsel for failing to comply with the scheduling order: Plaintiff and/or her counsel shall pay the following reasonable expenses incurred by the Defendant in re-deposing the Plaintiff, if necessary: (i) court reporter fees, (ii) cost of the deposition transcript, and (iii) reasonable attorney's fees associated with re-deposing the Plaintiff. If Defendant incurs additional costs as a result of the late disclosure of Ms. Tabak that Defendant believes it would not have otherwise incurred during the normal progression of the litigation, Defendant may file a properly supported motion seeking the imposition of any additional sanctions Defendant believes might be warranted under the circumstances; the court will consider such a motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Leave To Amend her Rule 26(a)(2) expert disclosures out of time to include Karen Grossman Tabak, CPA as a financial expert (Doc. 24) is **GRANTED.**

**IT IS FURTHER ORDERED** that as a sanction for failing to comply with the court's Case Management Order, if it is necessary for Defendant to re-depose the Plaintiff, Plaintiff and/or her counsel shall pay the following reasonable expenses incurred by the Defendant in re-deposing the Plaintiff, if necessary: (i) court reporter fees, (ii) cost of the deposition transcript, and (iii) reasonable attorney's fees associated with re-deposing the Plaintiff. If Defendant incurs additional costs as a result of the late disclosure of Ms. Tabak that Defendant believes it would not have otherwise incurred during the normal progression of the litigation, Defendant may file

a properly supported motion seeking the imposition of any additional sanctions and the court will consider whether or not to grant such a motion.

**IT IS FURTHER ORDERED** that within ten (10) days of this order, the parties shall submit a Joint Proposed Amendment to the Case Management Order.

**IT IS FINALLY ORDERED** that Defendant's Motion to Strike Plaintiff's Second Amended Rule 26 Disclosures (Doc. 27) is **DENIED**.

Dated: April 9, 2014.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE