UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANNON T. LAEL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:13-CV-01226-SPM |
| | ) |
| SIX FLAGS THEME PARKS, INC. | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

On August 11, 2014, this matter came before the Court for a hearing on Defendant's Motion to Exclude the Supplemental Report of Plaintiff's Liability Expert, William Avery, (Doc. No. 38). After considering Defendant's Motion, Plaintiff's Response (Doc. No. 39), and Defendant's Reply (Doc. No. 40) and arguments of counsel, I will deny Defendant's Motion and extend the deadlines for disclosure and depositions of Defendant's expert witnesses.

## **I.**
### **BACKGROUND**

The complaint in this matter was originally filed in state court. It was removed to this Court on June 27, 2013, pursuant to 28 U.S.C. §1332. Plaintiff alleges she is entitled to damages for injuries she sustained to her neck and upper back while riding an amusement park ride, the "Highland Fling," at Six Flags, St. Louis on or about July 8, 2006. Plaintiff's complaint asserts theories of negligence and "general negligence" which, in essence, is a claim for *res ipsa loquitur*. Shortly after removal, the court held a Rule 16 scheduling conference and adopted the dates proposed in the parties' proposed Joint Scheduling Plan. Under the initial Case Management Order (the "CMO"), Plaintiff's expert disclosures were due by December 16, 2013. As a result of various extensions, the deadline for the parties to complete depositions of Plaintiff's experts was May 30, 2014. Defendant is required to disclose its experts by August 15, 2014,

and to produce its experts for deposition by September 15, 2014. All discovery, including expert discovery, is scheduled to close on September 15, 2014.

The parties do not dispute that Plaintiff's liability expert, William Avery, timely submitted an expert report dated December 18, 2013. Instead, the dispute centers around a report by Avery dated March 25, 2013[1] (the "March 25th report"). On July 10, 2014, defense counsel was taking Avery's deposition when he discovered the March 25th report for the first time in Avery's files. Defendant contends the March 25th report contains new opinions that were not previously disclosed in the initial opinion and Defendant was "surprised" and "prejudiced" by the March 25th report.

In his initial report, which is dated December 18, 2013, Avery opined that "the incident involving [plaintiff] was foreseeable and preventable and but for the failures of Six Flags operations and maintenance personnel this incident would not have occurred." Avery also opined that the "safe operation of an amusement ride or device is the responsibility of the owner/operator" and that "the incident involving [plaintiff] would not otherwise have occurred but not [sic] for the failure/s of Six Flags to properly operate and maintain the Highland Fling ride."[2] The report notes that Avery's opinion is based on his 37 years of safety experience in the amusement ride and device industry; his experience as a certified amusement ride and device inspector; and his familiarity with the Highland Fling ride. The report further notes that it was written based on limited information produced by Six Flags and that Avery "reserved the right to supplement the report if additional information is forthcoming that warrants supplementation."

At the hearing, counsel for both parties acknowledged that defense counsel was advised that Avery was awaiting testimony by at least three of Defendant's maintenance workers and that, due to a facility shut down, the workers were not produced for deposition before the plaintiff expert disclosure deadline of December 16, 2013. Plaintiff's counsel agreed in writing to provide Avery's supplemental

---

[1] The report is incorrectly dated March 25, **2013**, but the parties agree and concede the report should have been dated March 25, **2014**.

[2] Avery's initial report is attached as Exhibit 1 to Defendant's Motion. (Doc. No. 38-1).

2

report to Defendant by April 6, 2014.[3] In the March 25th report, Avery restated the opinions contained in his initial report; but, based on the maintenance workers' testimony, he also included new opinions criticizing Defendant's maintenance of gas shocks on the Highland Fling ride and articulating maintenance standards he believes Defendant should have followed.

More specifically, Avery opined that (i) "ongoing failures with the gas shocks on the Highland Fling ride could have been addressed in some meaningful way other that [sic] just waiting to find a shock that had failed;" (ii) "one aspect of good maintenance procedures is maintaining records to track the life history of equipment and its parts;" (iii) "maintenance should have recorded the replacement life span to establish a benchmark that would serve to reasonably predict the time parameters for future failures [and] Six Flags could have used this baseline with a built in safety margin for error and replaced the gas shocks before they failed during operation;" (iv) "when there are ongoing and randomly occurring failures such as shock failures where the gondola top can fall on a guest's head this can be accommodated procedurally by having an operator" standby to ensure the top does not fall until a guest is safely loaded into the gondola; and (v) it does not appear that Six Flags had any of preventive safety measures in place.[4] Avery ultimately concluded that Defendant "knew there were recurring failures with the gas shocks and essentially waited for it to happen and be reported by a ride operator or discovered during pre-opening inspections."

By agreement of the parties, Plaintiff produced Avery for deposition on July 10, 2014.[5] As stated above, defense counsel discovered the March 25th report while reviewing Avery's files at the start of the deposition. Plaintiff's counsel indicated that he was aware of the report and mistakenly believed it had been produced to defense counsel. Defense counsel checked their files and confirmed that they had never received the March 25th report.

---

[3] This agreement was documented in Plaintiff's Second Amended Rule 26 Disclosures, which Defendant submitted as an exhibit to an earlier discovery motion. (Doc. No. 28-1).
[4] Defendant attached the March 25th report as Exhibit 2 to their Motion. (Doc. No. 38-2).
[5] Neither party sought leave of court to extend the CMO's May 30, 2014 deadline for completion of Plaintiff's expert depositions.

## II.
### DISCUSSION

Citing the Eighth Circuit's decision in *Trost v. Treck Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998), Defendant contends the March 25th report should be excluded under Fed. R. Civ. P. 16 and 37. More specifically, Defendant argues that in a clear violation of Fed. R. Civ. P. 26(a)(2) and 16, Plaintiff disclosed the March 25th report 96 days after the agreed upon deadline of April 6, 2014. The plaintiff in *Trost* first submitted an expert report more than sixty days after the deadline for expert disclosures and did so in response to a report by the defendant's expert. *Trost,* 162 F.3d.at 1007. Given the facts presented in *Trost,* the Eighth Circuit affirmed the district court's decision to exclude plaintiff's untimely expert disclosure. *Id.* at 1008-09. Defendant's reliance on *Trost* and the parties' agreed-upon April 6th deadline is misplaced for at least two reasons.

### A. THE CMO DID NOT REQUIRE DISCLOSURE OF THE MARCH 25TH REPORT BY APRIL 6, 2014.

First, notwithstanding Defendant's arguments to the contrary, this Court did not impose a deadline of April 6, 2014, for the disclosure of the March 25th report. Although the parties agreed amongst themselves that Avery's supplemental report would be submitted by April 6, 2014, the parties never asked the Court to incorporate that deadline into the CMO even though they appeared before the Court multiple times on other scheduling matters. Defense counsel suggested that he did not ask the Court to include the April 6th disclosure deadline in the CMO because the testimony of Defendant's maintenance workers was so overwhelmingly favorable to Defendant that he assumed there would be no supplemental report. This argument strains credulity especially when the timeline of events is considered.

Plaintiff took the deposition of Defendant's maintenance workers on February 19, 2014, and received the deposition transcripts on March 6, 2014. *See* Pltf.'s Second Amended R. 26 Disclosures, Doc. No. 28-1. On March 7th, Plaintiff served Defendant with her Second Amended Rule 26 disclosures indicating that Plaintiff's counsel had received the deposition transcripts and Avery's report would be provided by April 6th. *See id.* Even if defense counsel were confident that the testimony of Defendant's

4

maintenance workers would make it difficult for Avery to criticize Defendant's maintenance procedures, the suggestion that Defendant's able counsel did not anticipate that Plaintiff's liability expert in this negligence action would at least attempt to find flaws in Defendant's maintenance program after reviewing the maintenance workers' testimony is simply not credible. In sum, because Defendant apparently did not believe it was important to ask the Court to either include the agreed-upon April 6th deadline in the scheduling order or otherwise enforce the parties' agreement, it is unreasonable for Defendant to now ask the Court to use that deadline as the basis for imposing the very severe sanction of exclusion of expert testimony that is clearly relevant to Plaintiff's negligence claim.

### B. PLAINTIFF WAS REQUIRED TO DISCLOSE THE MARCH 25TH REPORT IN A TIMELY MANNER UNDER RULE 26(E).

Defendant's reliance on *Trost* is also misplaced because, unlike *Trost*, this case does not involve a failure to disclose a previously undisclosed expert or expert report as required under Rule 26(a)(2). Rather, this case deals with an expert's attempted supplementation of his own conclusion. Under Rule 26(e), an expert witness is required to supplement his report if the report is "incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Courts typically interpret this rule to permit supplemental reports "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report;" most courts eschew any construction of the rule that permits a party to supplement simply to bolster a deficient expert report. *Richardson v. Korson,* 905 F.Supp.2d 193, 199 (D.D.C. 2012); s*ee also Minebea Co. Ltd. v. Papst,* 231 F.R.D. 3, 6-7 (D.D.C. 2005); *In re Estate of Bruess v. Blount International, Inc., et al.,* No. C09-2055, 2011 WL 2680760, *8 (N.D. Iowa, July 8, 2011).

There appears to be no legitimate dispute that the March 25th report is a supplemental expert report that falls squarely under the auspices of Rule 26(e). Although Avery's criticisms of Defendant's gas shock maintenance procedures are not contained in the initial report, they are entirely consistent with

5

Avery's core opinions in the initial report. In addition, the parties agree that the maintenance information contained in the March 25th report was not available to Avery at the time of his initial report, and the record suggests that both sides were on notice that Avery intended to supplement his report after reviewing the maintenance workers' testimony. Because the March 25th report was a supplemental expert report, under Rule 26(e), Plaintiff was required to provide it to Defendant in a timely manner. Fed. R. Civ. P. 26(e).

### C. PLAINTIFF DID NOT DISCLOSE THE MARCH 25TH REPORT IN A TIMELY MANNER.

Rule 26(e) requires that supplemental disclosures be made "in a timely manner;" and, at the latest, expert reports must be supplemented "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed.R.Civ.P. 26( e)(1)-(2). The reason parties are required to timely supplement expert disclosures is to afford the opposing party "a reasonable opportunity to prepare for effective cross examination and, in accordance with the Rules' fundamental principal of eliminating any vestiges of the 'sporting' or 'fox-hunt' theory of litigation, to provide the opposing party with a comparable opportunity to prepare for examination of experts via depositions in advance of trial." *Beller v. United States,* 221 F.R.D. 696, 700 (D. New Mexico 2003) (internal citations omitted). *See also Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001) (rejecting an argument that Rule 26(e)(2) permitted a party to wait until thirty days before trial to supplement an expert's report that might have been supplemented earlier). The rule's purpose is thwarted when a party is not armed with all of an expert's opinions in advance of that expert's deposition. *See Beller,* 221 F.R.D. at 700 ("The intent of the rule is to ensure that deposition testimony can proceed with parties already armed with the expert's report, so as to be able to evaluate the opinions to be offered.").

Here, there is no question that the purpose of Rule 26(e)'s "timely" supplementation mandate was thwarted. Plaintiff's counsel does not dispute that he received the March 25th report sometime in March of 2014. Nor was Plaintiff's counsel able to contest Defendant's contention that, despite Plaintiff's promise to produce the report by April 6th, defense counsel did not see the report until the day of Avery's

deposition on July 10th. Other than to say he mistakenly believed his office had produced the report and defense counsel did not follow-up, Plaintiff's counsel was unable to offer any explanation for this glaring omission.

### D. SANCTIONS SHORT OF EXCLUSION CAN CURE ANY HARM TO DEFENDANT.

Under Rule 37(c)(1) "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendant argues that Rule 37(c) mandates that the trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified. However, Rule 37(c)(1) enumerates several other sanctions the court could impose "in addition to" or "instead of" preclusion. "The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural. The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even." 8A Charles Alan Wright, et al. *Federal Practice and Procedure: Civil 2d § 2284* at 612-13 (West 1994). *See also Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) ("When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case.").

"There is a preference in the federal system that trials be determined on the merits" and not on constructions of the Federal Rules of Civil Procedure that operate to unnecessarily deprive a party of its right to have a merits-based determination of a claim. *Talbert v. City of Chicago,* 236 F.R.D. 415, 419 (N.D. Ill. 2006) (citing *Salgado by Salgado v. General Motors Corp.,* 150 F.3d 735, 739 (7th Cir. 1998)). *See also Dunning v. Bush*, 536 F.3d 879 (8th Cir. 2008) (reversing the district court's exclusion of a supplemental expert report that led to dismissal of a claim, the court held the district court should have considered a lesser sanction, if any). Indeed, the Eighth Circuit has held that "the exclusion of evidence is a harsh penalty and should be used sparingly;" as such, "the district court's discretion narrows as the

7

severity of the sanction or remedy it elects increases." *Wegener,* 527 F.3d at 692. Exclusion seems particularly harsh and unwarranted where, as here, the time for supplementing expert reports has not expired and the opposing party was on notice that supplementation would occur. *See Mathers v. Northshore Mining Co.,* 217 F.R.D. 474, 482 (D. Minn. 2003)(distinguishing *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001)).

In deciding whether discovery violations under Rule 26 are substantially justified or harmless, the court will apply the Eighth Circuit's four factor test: (i) the reason for noncompliance, (ii) the surprise and prejudice to the opposing party, (iii) the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and (iv) the importance of the information or testimony. *Wegener,* 527 F.3d at 692.

A balancing of the foregoing factors favors Plaintiff. Although there is no question that Plaintiff should have, and could have, disclosed the March 25th report well in advance of Avery's July 10th deposition, there likely would have been no need for a March 25th report if Plaintiff had been able to depose Defendant's maintenance workers prior to the December 2013 expert disclosure deadline. It does not appear that Plaintiff's counsel was to blame for the delayed depositions, and there is no evidence that Plaintiff's failure to disclose the report was anything other than inadvertent. Nor has Defendant demonstrated any real surprise or prejudice resulting from the March 25th report that cannot be mitigated. Defendant was aware early on that Avery intended to supplement his initial opinions after he had a chance to review testimony by Defendant's maintenance workers. In addition, the opinions expressed in the March 25th report are substantively consistent with Avery's initial opinions and predicated on deposition testimony of Defendant's own witnesses. Expert discovery has not closed and Defendant has failed to demonstrate why Plaintiff's offer to re-produce Avery, if necessary, for a supplemental deposition would not mitigate any harm or prejudice caused by the delayed disclosure.

For all of the foregoing reasons, I find that any harm resulting from Plaintiff's inadvertent failure to timely disclose Avery's March 25th report can be cured by granting Defendant additional time to

disclose its own experts and produce them for depositions. Any potential prejudice can be further reduced by permitting Defendant, if necessary, to re-open Avery's deposition and to file a motion to recover fees and costs incurred in re-deposing Avery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude the Supplemental Report of Plaintiff's Liability Expert, William Avery, (Doc. No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that the Case Management Order will be amended to extend the case progression deadlines as follows: Defendant must disclose all expert witnesses by **September 22, 2014**, and produce its experts by **October 22, 2014**. All discovery must be completed by **October 24, 2014** and summary judgment and *Daubert* motions must be filed by **October 24, 2014**.

**IT IS FINALLY ORDERED** that as a sanction for failing to comply with the requirements of Rule 26(e), if it is necessary for Defendant to re-depose William Avery, Defendant may file a properly supported motion asking the Court to order Plaintiff and/or her counsel to pay Defendant's reasonable expenses incurred in re-deposing Avery including court reporter fees, the cost of the deposition transcript; and Defendant's reasonable attorney's fees associated with preparing for and re-deposing Avery. Dated this 15th day of August, 2014.

/s/*Shirley Padmore Mensah*
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE